IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLANDO DELATORRE,

    Petitioner,               No. 2:09-cv-1974 KJN P

    vs.

BRIAN HAWS,

    Respondent.          ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.[1] On February 24, 2010, this court granted petitioner's application to proceed in forma pauperis and directed the respondent to file a response within sixty days. (Dkt. No. 8.) Petitioner now requests appointment of counsel. (Dkt. No. 11.)

        In response to petitioner's inquiry, appointment of counsel is not accorded in tandem with the court's approval of an in forma pauperis application. "In proceedings in forma pauperis, the district court 'may request an attorney to represent any person unable to afford counsel.' 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.' Franklin v.

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.' Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983))." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, supra, 789 F.2d at 1331 (fn. omitted); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Nor does there exist an absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, a district court may appoint counsel for a financially eligible person seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

In the present case, the court finds neither exceptional circumstances nor that the interests of justice would be served by appointment of counsel at the present time. Plaintiff has demonstrated sufficient capacity to articulate his claims and the issues do not presently indicate substantial complexity.

Accordingly, IT IS HEREBY ORDERED that petitioner's March 9, 2010 motion for appointment of counsel (Dkt. No. 11) is denied without prejudice.

SO ORDERED.

DATED: March 11, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dela1974.110